IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

RODNEY GRUBAUGH,

          Plaintiff,

vs.

CSAA GENERAL INSURANCE COMPANY, et al.,

          Defendant.

Case No. 17-CV-273-JED-FHM

## OPINION AND ORDER

Defendant CSAA's Motion to Compel, [Dkt. 14], is before the undersigned United States Magistrate Judge for decision.

The matter has been fully briefed, [Dkt. 14, 15, 16]. None of the issues raised are novel or particularly complex and, for the most part, should have been resolved through a meet and confer between counsel. However, Plaintiff's counsel failed to even respond to Defendant's several requests for a meet and confer. As a result of the failure of Plaintiff's counsel to engage in a meet an confer, the parties have filed pages of briefing that would not have been necessary if a meet and confer had occurred.

PLAINTIFF'S COUNSEL IS HEREBY ORDERED to engage with Defendant's counsel in a meet and confer at a mutually convenient time in a sincere effort to resolve outstanding discovery disputes. Such meet and confer is to take place within 30 days of this order. PLAINTIFF IS FURTHER ORDERED to serve additional verified supplemental discovery responses following the meet and confer.

The court observes that Plaintiff interposed a number of boilerplate objections to the discovery. Many of the objections have no possible application to the questions posed. Based on the number of frivolous objections, the meet and confer will be more productive,

and the additional supplemental discovery responses will be meaningful, if counsel are apprised of the court's expectations.

It is unacceptable to answer every discovery request with a string of general unsupported objections. Such objections evince an uncooperativeness that is contrary to the command that the Federal Rules of Civil Procedure are to be construed to secure the "just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. Furthermore, when discovery responses are provided "subject to" boilerplate objections or "without waiving objections" with no regard to the applicability of those objections, it is unclear whether the discovery request has received a complete response. In addition, such objections may violate the requirement of Fed.R.Civ.P. 26(g)(1)(B) that every objection is warranted by existing law or a nonfrivolous legal argument and not interposed for delay.

The objection that a discovery request is vague or ambiguous can almost always be resolved by phone calls or meetings between counsel. Therefore the objection that a discovery request is vague or ambiguous should almost never appear in a discovery response. The court expects that the additional supplement to Plaintiff's discovery responses will not contain these or other specious objections.

With regard to the requested authorization to obtain pharmacy records, Plaintiff relies on the case of *Nitzel v. Jackson*, 879 P.2d 1222 (Okla. 1994) as authority for executing a medical record authorization limited by body part that was allegedly injured in the accident at issue. Defendant has represented that pharmacies do not accept authorizations so limited. Plaintiff's pharmacy records are relevant for discovery purposes in this case where Plaintiff is claiming damages for past and future mental anguish, and

pain and suffering related to an automobile accident. Plaintiff is therefore required to execute an authorization limited in time as agreed by counsel to the specific pharmacies used by Plaintiff.

It appears that Plaintiff has provided a list of medical care providers and an acceptable medical records release. As a result there is no need for the court to address that topic, except to clarify that generally speaking prior injuries and medical conditions that could cause the pain and suffering claimed as a result of the accident at issue are relevant and are therefore an acceptable area of discovery.

If discovery disputes related to this motion remain after counsel have met and conferred in good faith in a <u>sincere</u> effort to resolve the outstanding disputes and the additional supplemental responses are served, Defendant may file an additional motion to compel addressing the outstanding issues that need to be resolved by the court.

Defendant CSAA's Motion to Compel, [Dkt. 14], is granted in part as set out herein.

SO ORDERED this 16th day of January, 2018.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE